**KEOGH LAW OFFICE**
301 Frank H. Cushing Way, Apt. 801
Tamuning, Guam 96913
Phone: (671) 472-6895
Mobile: (671) 777-6895
Email: rlk@guam.net

Attorneys for Plaintiff

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| IOSUA MASEN, | CIVIL CASE NO. CIV_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CONSOLIDATED TRANSPORTATION SERVICES, INC. dba CTSI LOGISTICS GUAM, TYRONE ELLIOTT and CENTURY INSURANCE COMPANY (GUAM) LIMITED, | |
| Defendants. | |

**INTRODUCTION**

1. This is an action for damages for the injuries suffered by plaintiff as a result of an auto-pedestrian accident in Piti, Guam caused by the negligence of defendant Tyrone Elliott in the operation of a Freightliner tractor trailer truck owned by defendant CTSI Logistics, while acting within the course and scope of his employment with defendant CTSI Logistics.

**JURISDICTION**

2. This court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332. This Court has subject matter jurisdiction over this

action because, as will be shown below, the parties have complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00.

**PARTIES**

3. Plaintiff Iosua Masen in an adult individual, and a citizen of the Federated States of Micronesia.

4. On information and belief, defendant Tyrone Elliott is an adult individual and a resident of Guam (hereinafter "Elliott").

5. On information and belief, defendant Consolidated Transportation Services, Inc. is a Guam corporation duly licensed to do business on Guam and is doing business as CTSI Logistics Guam (hereinafter "CTSI").

6. Defendant Century Insurance Company (Guam) Limited, (hereinafter "Century Insurance") is an insurance company licensed to do business on Guam.

**FACTS**

7. On or about May 10, 2022 at approximately 1:58am, plaintiff was standing by and in the process of locking his common law wife's parked vehicle on the shoulder of the roadway along Route 1 in Piti, Guam near his home located across from the Day Buy Day Market.

8. At said date, time and place, defendant Elliott was driving a a 2017 white Freightliner tractor trailer truck with License Plate Number 2915CV (hereinafter "Freightliner") and struck plaintiff, then fled the scene of the accident.

9. At all relevant times herein, defendant Elliott was an employee of CTSI and was acting within the course and scope of his employment.

10. At all relevant times herein, defendant CTSI owned the Freightliner subject of this action.

11. At all relevant times herein, defendant Elliott was operating the Freightliner with CTSI's knowledge and consent.

12. At all relevant times herein, defendant Elliott was operating the Freightliner in his capacity as an employee of CTSI while acting within the course and scope of his employment with CTSI. Therefore, defendant CTSI is liable for the negligence of defendant Elliott, as set forth below, under the doctrine of *respondeat superior*.

13. On information and belief, at all relevant times herein, defendant CTSI failed to exercise reasonable care in selecting, hiring and retaining it's employee, Tyrone Elliott, who is unskilled and incompetent to safely operate it's Freightliner.

14. At said date, time and place, defendant Elliott failed to operate the Freightliner with due care and otherwise failed to operate the Freightliner in a safe and prudent manner. Defendant Elliott was inattentive or lost control of the Freightliner and drove it off the road and onto the shoulder of the road thereby hitting plaintiff.

15. In failing to reasonably select, hire and retain intelligent, skilled and competent drivers to safely operate it's Freightliners, defendant CTSI was negligent.

16. As a direct and proximate result of the negligence of defendant CTSI, plaintiff suffered serious bodily injuries.

17. In operating the Freightliner in the manner described above, defendant Elliott was negligent and violated 16 GCA 3301 and other laws of Guam.

18. As a direct and proximate result of the negligence of defendant Elliott while acting within the course and scope of his employment with defendant CTSI, plaintiff suffered serious bodily injuries.

**FIRST CLAIM - PERSONAL INJURY**

19. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 of the Complaint herein.

4

20. As a direct and proximate result of the negligence of defendants CTSI and Elliott, individually and/or jointly, plaintiff suffered multiple catastrophic injuries to his body including, but not limited to, spinal injuries resulting in complete paraplegia, multiple bilateral rib fractures, fractured sternum, fractured tibia, fractured ankle, pelvic fracture, and other injuries, all of which have caused and will continue to cause severe pain and suffering, mental anxiety, inconvenience, disfigurement, permanent physical impairment and loss of enjoyment of life.

21. As a further direct and proximate result of the negligence of defendants CTSI and Elliott, individually and/or jointly, plaintiff has incurred and continues to incur replacement services loss in an amount to be proven at trial.

22. As a further direct and proximate result of the negligence of defendants CTSI and Elliott, individually and/or jointly, plaintiff has incurred and continues to incur medical and incidental expenses for treatment of his injuries in an amount to be proven at trial.

23. As a further direct and proximate result of the negligence of defendants CTSI and Elliott, individually and/or jointly, plaintiff has been placed in a position where he will require continued long term care, physical therapy and medical and ordinary supplies for the rest of his life, which he would otherwise not have needed had he not been so catastrophically injured, in an amount to be proven at trial.

24. As a further direct and proximate result of the negligence of defendants CTSI and Elliott, individually and/or jointly, plaintiff has permanently lost his capacity to earn income in an amount to be proven at trial.

**SECOND CLAIM - DEFENDANT CENTURY INSURANCE COMPANY**

25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 and 20 through 24 of the Complaint herein.

26. At all relevant times herein, defendant CTSI was insured by a liability insurance policy issued by defendant Century Insurance covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

27. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiff is entitled to maintain a direct action against defendant Century Insurance upon the terms and limits of the policy and, accordingly, plaintiff is entitled to recover against Century Insurance in an amount equal to any judgment recovered against defendant CTSI up to applicable policy limits.

**WHEREFORE**, plaintiff prays for relief as follows:

   1. General damages of $50,000,000.00 for the personal injury of plaintiff;

2. Damages for past, present and future medical and incidental expenses of plaintiff in an amount to be proven at trial;

3. Damages for continued long term care, physical therapy and medical and ordinary supplies for the rest of his life in an amount to be proven at trial;

4. Damages for replacement services loss in an amount to be proven at trial;

5. Damages for the permanent loss of income capacity of plaintiff in an amount to be proven at trial;

6. Costs of suit; and

7. Such other relief as the Court may deem just and proper.

**KEOGH LAW OFFICE**
Attorneys for Plaintiff

DATE: October 28, 2022         BY:      /s/
                                    **ROBERT L. KEOGH**